# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

## BISCHOFFSCHEIM *v.* BALTZER and another.[*]

*(Circuit Court, S. D. New York. January 16, 1882.)*

1. **EQUITY PRACTICE—TESTIMONY FOR FINAL HEARING.**
    Under the equity rules of the supreme court, after notice from the plaintiff that he desires the evidence to be adduced in the cause to be taken orally, all the evidence is to be so taken, subject to the power of the court, for special reasons, to annul the usual effect of such notice and order it to be taken on written interrogatories.

2. **SAME—TESTIMONY TAKEN IN FOREIGN COUNTRIES.**
    By analogy, after such notice has been given, where testimony in a foreign country can be taken orally, it ought not, except for special reasons, to be taken otherwise. What would in any given case be sufficient special reasons, must be left to be decided in each case.

3. **SAME—DEPOSITIONS UNDER SECTION 866, REV. ST.**
    Depositions may be taken under *dedimus potestatem*, under section 866, "according to common usage," now as at any time hitherto. The words "common usage," in regard to suits in equity, refer to the practice in courts of equity.

4. **SAME—DEPOSITIONS DE BENE ESSE.**
    The provision for taking depositions *de bene esse* is still in force in equity cases. The mode of taking such depositions is the same as that provided for by the amendment to equity rule 67.

In Equity.

[*]Reported by S. Nelson White, Esq., of the New York bar.

*J. H. Choate*, for plaintiff.

*C. M. Da Costa*, for defendants.

BLATCHFORD, C. J. This is a suit in equity. Issue was joined by the filing of a replication to the answer, December 1, 1879. On the fifth of February, 1881, the plaintiff's solicitors, not having before taken any testimony, served a notice in writing on the defendants solicitors that the plaintiff "desires the evidence to be adduced in this cause to be taken orally," and that witnesses would be examined in the city of New York on February 11th. Two witnesses for the plaintiff were examined orally under this notice, the last one in June, 1881. The time to take testimony has been extended, and has not expired. In May, 1881, the defendants' solicitors having been previously informed by the plaintiff's solicitors that the latter intended to have a commission issued to take in London, England, the deposition of the plaintiff, who resides in London, gave notice in writing to the plaintiff's solicitors that the defendants' solicitors desired to cross-examine the plaintiff orally, and requested them to have the commission executed during the ensuing July or September, when one of the defendants' solicitors would be in London and attend to the matter. To this notice no reply was ever received. One of the witnesses so examined in New York was the confidential manager of the plaintiff's business residing in London, and it appears that the plaintiff has there legal advisers who have been consulted concerning the matters in issue herein.

The plaintiff now applies for an order for a commission to examine himself on written interrogatories to be annexed to the commission, on an affidavit showing that he expects to prove by himself the material averments in the bill, or many of them. The defendants ask that if a commission to examine the plaintiff on written interrogatories be issued, the defendants have leave to cross-examine the plaintiff orally thereunder.

By rule 67 in equity, as in force prior to the December term, 1861, testimony in suits in equity might be taken by commission on written interrogatories and cross-interrogatories, but by agreement it might be taken by oral interrogatories, under a commission. This applied even to testimony to be taken where a subpœna from the court could reach the witness. By rule 68 testimony might also be taken in the cause, after it was at issue, by deposition, according to the acts of congress.

Under rule 69 publication of the testimony taken under such commissions might be ordered immediately upon the return of the com-

missions. The idea was that it was not known to the parties what the witnesses had testified to, the commission being executed without the presence of either party or solicitor. Formerly the general mode in England of examining witnesses in equity was by interrogatories in writing exhibited by the party. Daniell, Ch. Pr. *c.* 22, § 9. At the December term, 1861, (1 Black, 6,) a new practice was introduced by a rule made by the supreme court. The clause in rule 67 relating to taking testimony by agreement on oral interrogatories was repealed, and the rule was amended by adding to it provisions making oral examination the rule if either party desires it, and examination by written interrogatories the exception.

Under rule 67, as amended, if neither party gives notice to the other that he desires the evidence to be taken orally, then the testimony may be taken by commission, as formerly, even where the witnesses are within the reach of the subpœna of the court. But if either party gives notice to the other that he desires the evidence to be taken orally, then "all the witnesses to be examined shall be examined before one of the examiners of the court, or before an examiner to be specially appointed by the court;" the examination to take place on notice in the presence of parties and by counsel, and the witnesses to be cross-examined and re-examined as nearly as may be in the mode used in common-law courts. At the close of the added provisions is this:

"Testimony may be taken by commission in the usual way, by written interrogatories and cross-interrogatories, on motion to the court in term time or to a judge in vacation, for special reasons satisfactory to the court or judge."

This refers to the former way—to the way, for which the new way was substituted, in case either party should give notice of his desire for an oral taking; and the notice so given was thus made subject to the power of the court, for special reasons, to annul the usual effect of the notice. This last provision of taking testimony by commission in the usual way has no reference to issuing a *dedimus potestatem* under section 866 of the Revised Statutes, formerly section 30 of the act of September 24, 1879, (1 St. at Large, 90.) It refers to the usual way before practiced in equity cases.

Depositions may be taken under a *dedimus potestatem*, under section 866, "according to common usuage," now, as at any time hitherto, in a suit in equity. The words "common usage," in regard to a suit in equity, refer to the practice in courts of equity. Under this

practice it was usual to examine witnesses abroad by written inter-
rogatories and cross-interrogatories.

The provision of rule 68, for taking testimony in an equity case,
after it is at issue, by deposition, according to the acts of congress,
is still in force. Under sections 863 and 1750 of the Revised Stat-
utes, depositions *de bene esse* in civil causes may be taken in a
foreign country by any secretary of legation or consular officer. The
mode of taking such depositions under sections 863, 864, and 865 is
by oral questions put at the time, if desired, and not necessarily by
written interrogatories given to the officer before commencing the
taking. It is the same mode provided for by the amendment to rule
67. As, after either party has given notice to the other that he
desires the evidence to be adduced in the cause to be taken orally,
the testimony is not, except for special reasons, to. be taken other-
wise, so, by analogy, where testimony in a foreign country can be
taken orally, it ought not, except for special reasons, to be taken
otherwise. What would in any given case be sufficient special rea-
sons must be left to be decided in each case. In the present case the
defendants are, I think, entitled to cross-examine the plaintiff orally.
There is no reason why his direct examination should not be taken
on written interrogatories if desired.