McLENNAN *v.* KANSAS CITY, ST. J. & C. B. R. Co.

*(Circuit Court, S. D. Iowa, W. D.* September Term, 1884.)

PRACTICE—TAKING DEPOSITION IN COMMON-LAW ACTIONS—BY WHAT LAW GOVERNED—REV. ST. U. S. §§ 861, 863, 867, 914.

> The right to take testimony by depositions in common-law causes pending in the federal courts depends upon the statutes of the United States, and not the statutes of the states in which such courts are held; but when such right does exist under the United States statutes as to the mere mode of procuring the deposition, the parties may follow, at their election, either the provisions of the state law or of the act of congress.

Motion to Suppress Depositions.

*Wm. McLennan* and *John H. Keatly,* for plaintiff.

*Sapp & Pusey,* for defendant.

SHIRAS, J. After this cause was removed to this court from the state court, wherein it was originally brought, the plaintiff sued out a commission to take the depositions of certain witnesses residing at Nebraska City, Nebraska, upon written interrogations in the manner provided for in the statutes of Iowa, regulating the procurement of testimony in causes pending in the state court. Notice of the intent to sue out the commission, with a copy of the interrogatories to be propounded to the witnesses, was served upon the counsel for defendant. The commission was issued to F. R. Ireland, a notary public residing at Nebraska City, who executed the same and returned the depositions to the clerk of this court, by whom they were filed in the usual manner. Nebraska City, where the witnesses resided, and where their testimony was taken under the commission, is less than 100 miles from the place of trial, and it does not appear that any of the grounds for taking depositions *de bene esse* as set forth in section 863 of the Revised Statutes exist in this case. Had the cause remained in the state court, the depositions of the witnesses could have been

taken under the provisions of the Code of Iowa in the manner and under the circumstances in which they have been taken in this court.

The question presented by the motion to suppress is whether, in law actions pending in the courts of the United States in the districts of Iowa, either party may take depositions under the provisions of the Code of Iowa. It is claimed that the right so to do is conferred by the provisions of section 914 of the Revised Statutes, which enacts that "the practice, pleadings, forms, and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of the court to the contrary notwithstanding." The meaning of this section is that the practice and proceedings in civil cases in the federal courts shall conform, as near as may be, to the practice and proceedings in like cases in the state courts, in all matters wherein express provision is not made by the laws of the United States. "When the latter speak, they are controlling; that is to say, on all subjects on which it is competent for them to speak." *Connecticut Life Ins. Co.* v. *Shaefer,* 94 U. S. 457.

By section 861 of the Revised Statutes it is declared that "the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided." Sections 863–866 and 867 provide for taking depositions *de bene esse, in perpetuam,* and to prevent a failure of justice. It does not appear that any of the causes embraced within these sections for taking depositions exist in the present case, and it would seem clear, therefore, that the plaintiff must, under section 861, produce the witnesses in open court. The declaration in this section is explicit that the mode of proof in common-law actions is by oral examination in open court, except as otherwise provided in the statutes of the United States. In determining, therefore, whether the right exists to take testimony by depositions in common-law causes pending in the federal courts, reference must be had to the statutes of the United States. When, however, the facts are such in a given case that, under the provisions of the statutes of the United States, the right to take the testimony of witnesses by depositions exists, then, as to the mere mode of procuring the deposition, parties may follow at their election either the provisions of the state law or of the act of congress. See case of *Flint* v. *Board Com'rs,* 5 Dill. 481. The right existing, therefore, in a given case to procure testimony by deposition, under the provisions of the statutes of the United States, the same may be taken upon written interrogatories duly served according to the requirements of the state statutes, and in the mode therein provided for, as well as in the manner provided for in the acts of congress. As it does not appear, however, in the present

case that the right to take the testimony of the witnesses by deposition existed under the provisions of the laws of the United States, the motion to suppress the depositions must be granted; and it is so ordered.

BREWER and LOVE, JJ., concur.