UNITED STATES v. FIFTY BOXES AND PACKAGES OF LACE.

SAME v. EIGHTY-NINE BOXES AND PACKAGES OF LACE.

(District Court, S. D. New York.    March 15, 1899.)

1. DEPOSITIONS—MANNER OF TAKING IN FEDERAL COURTS—STATE PRACTICE NOT OBLIGATORY.

Rev. St. § 721, making the laws of the several states rules of decision in trials at common law, does not require the federal courts to conform to state laws as to the mere manner of executing commissions to take testimony, which may be regulated by the court, either by general rules, or by special directions accompanying the commission.[1]

2. SAME.

Rev. St. § 914, conforming the federal to the state practice "in like causes," does not require a federal court to follow a state statute as to the manner of taking depositions in a proceeding in rem by the United States for the forfeiture of merchandise under the customs revenue laws, (1) because there are no "like causes" in the state courts; and (2) because the provision does not apply to the evidence of witnesses, either as to its character or competency, or the mode of taking it.

3. SAME.

The phrase, "according to common usage," in Rev. St. § 866, authorizing courts of the United States to "grant a dedimus potestatem to take depositions according to common usage," means according to the practice existing in 1874, when the section was enacted, and does not import that the federal courts must adopt all subsequent new regulations that may be enacted by state legislatures or adopted by the state practice, though such courts are permitted by Act March 9, 1892 (2 Supp. Rev. St. p. 4), to follow the mode prescribed by the state laws, "in addition" to the former method.

4. SAME—INFORMALITY OF CERTIFICATE.

The fact that a commissioner to take depositions in a foreign country fails to certify, as directed in the commission, that "the examination was subscribed by the sworn interpreter," is immaterial, and not ground for suppressing the deposition, where the certificate shows that the interpreter was sworn, and the deposition is in fact subscribed by him.

5. SAME—FAILURE TO ATTACH EXHIBITS.

Where exhibits are not identified and attached to a deposition as required by the instructions, it is proper to order the deposition returned for that purpose; and the right of the adverse party to further examine as to the identity of such exhibits is waived, if no request therefor is made.

6. SAME—MANNER OF TRANSMISSION.

It is immaterial that foreign depositions, directed to be addressed to the clerk and returned by mail, were forwarded through the embassy bag by mail to Washington, and thence to the clerk, to whom they were properly addressed, instead of being forwarded direct.

On Motion to Suppress Depositions.

Henry L. Burnett, U. S. Dist. Atty., and Mr. Baldwin, Asst. U. S. Dist. Atty.

A. J. Dittenhoeffer, for defendants.

BROWN, District Judge.    In the above cases, which are informations for forfeitures of laces and other goods under the customs revenue laws of the United States, two commissions were issued under a dedimus potestatem pursuant to the provisions of section

---

[1] As to conforming federal to state practice, see note to O'Connell v. Reed, 5 C. C. A. 594.

866 of the Revised Statutes to take the testimony of foreign witnesses in behalf of the government, one at London and one at Paris. Upon the execution and return of the commissions, a motion is made on the part of the defendants to suppress them on the general ground that they have not been executed in all particulars in precise conformity with provisions of sections 887–912 of the New York Code of Civil Procedure, relating to depositions taken without the state, which it is contended by the defendants are binding upon the federal courts.

I have carefully examined the objections raised, and the briefs submitted by counsel. Unable to write at length upon the interesting questions discussed, I state my conclusions as follows:

1. Section 721 of the United States Revised Statutes, making the laws of the several states "rules of decision in trials at common law," while governing upon such trials as respects the competency of witnesses and the admissibility of evidence offered on the trial, has no reference to such objections as are here raised in regard to the mere manner of executing commissions, which may be regulated by the court as justice may require, either through general rules, or by special directions accompanying the commission.

2. Section 914 of the United States Revised Statutes, providing that "the practice, pleading and forms and modes of proceeding in civil causes, other than equity or admiralty causes, shall conform as near as may be to the   *   *   *   forms and modes of proceeding existing at the time in like causes in the state courts of record," is not applicable in the present case for two reasons:. (a) This is an information in rem for a forfeiture under the customs revenue laws of the United States, and there are no "like causes" in state courts. See Coffey v. U. S., 117 U. S. 233, 6 Sup. Ct. 717, expressly adjudging this point. (b) This section has not been construed in this circuit to "apply to the evidence of witnesses, either as to its character or competency, or the mode of taking it." Per Blatchford, District Judge, in Beardsley v. Littell, 14 Blatchf. 105, Fed. Cas. No. 1,185. And Judge Choate so ruled in U. S. v. Pings, 4 Fed. 714, where he says that these matters "being expressly provided for by act of congress, the state practice regulating the same matter is not adopted by section 914 of the Revised Statutes." See Flint v. Crawford Co., 5 Dill. 481, Fed. Cas. No. 4,871; Easton v. Hodges, 7 Biss. 324, Fed. Cas. No. 4,258; Sage v. Tauszky, Fed. Cas. No. 12,214. And see Bate Refrigerating Co. v. Sulzberger, 15 Sup. Ct. 515, 516.

3. The phrase, "according to common usage," in section 866, authorizing the court to "grant a dedimus potestatem to take depositions according to common usage," means according to the existing practice whether at law or in equity (Bischoffscheim v. Baltzer, 20 Blatchf. 232, 10 Fed. 1); that is, by a commission upon interrogatories and cross interrogatories, as was the common usage both at the time when section 866 was passed in 1874, and at the time of the passage of the judiciary act of 1789, in which substantially the same provision was enacted. The usage referred to in section 866 is the common usage at the time of the revision in 1874; and

in districts where there is no established practice in the federal courts, it is no doubt competent and proper to refer to the usage in other districts, or to laws or usages of the state as evidence of the common usage, as was held might be done in the case of Buddicum v. Kirk, 3 Cranch, 293, in 1801, in respect to notice, and later by Judge Deady, in Oregon, in the case of Jones v. Railroad Co., 3 Sawy. 523, Fed. Cas. No. 7,486. There is nothing in this general phrase, "according to common usage," which imports that the federal courts in any of the states must adopt all subsequent new regulations that may be from time to time enacted by the state legislatures, or adopted by the state practice. This notion was expressly repudiated by Mr. Justice Brewer in Turner v. Shackman, 27 Fed. 184, and by Mr. Justice Miller in Ex parte Fisk, 113 U. S. 724, 5 Sup. Ct. 724, where the latter refers to such enactments as "a very special usage dependent wholly upon the New York statute." That no such rule was contemplated by congress in the act of 1789, or prior to the revision, is moreover evident from the act of May 9, 1872 (17 Stat. 89), which, after making certain provisions in regard to depositions taken de bene esse for use in the federal courts, adds:

"But this act shall not be construed to affect the power of any such court to cause testimony to be taken under commission according to the course of common law to be used therein."

At the time of the revision and the enactment of section 866, the "common usage" within this district had been long and well established, not merely by the practice of the federal courts, but by the rules of the circuit and district courts at common law for upwards of 45 years; the first printed rules on the subject (rules 33 to 36) being established in 1828 by Mr. Justice Thompson and Judge Betts, and at various times since amended and enlarged. See circuit rules 41 to 50 of 1838; district rule 97 (old 240). The provisions of the New York Code of Civil Procedure now existing, which the defendants claim are binding upon this court, so far as they differ from the practice of the federal courts in this circuit, are mainly the result of enactments of the state legislature since section 866 was passed; and some of these changes are quite recent and peculiar. The most important is the one providing that the interrogatories, cross interrogatories, and the answers in case of a foreign witness who does not understand English, may be taken in the language of the witness, and interpreted upon the trial (Code Civ. Proc. N. Y. § 912); but this, as I understand, is wholly in the discretion of the court. In this case, as no application was made to this court upon that subject before the commission was issued, no objection can be raised upon that score now.

The above view is confirmed by the recent act of March 9, 1892 (2 Supp. Rev. St. p. 4), which provides,

"That in addition to the mode of taking the depositions of witnesses in causes pending at law or equity in the district and circuit courts of the United States, it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held."

This apparently applies to all depositions authorized to be taken under federal laws (Cash-Register Co. v. Leland, 77 Fed. 242), and it is a clear recognition of the existing "mode" (i. e. a lawful mode) of taking depositions both at law and in equity in a manner different from that of the state practice, and at the same time it authorizes the latter method, thus giving a legislative sanction to the following of the state practice in that regard, if desired, "in addition" to the former method. Several decisions had previously declared the same option to exist. Flint v. Crawford Co., 5 Dill. 481, Fed. Cas. No. 4,871; McLennan v. Railroad Co., 22 Fed. 198.

4. The commissions issued in these cases were issued in accordance with the long-existing common usage of this district. Instructions consisting of two printed pages, the same that have been used in this court for more than 20 years past, were attached. Except in one particular these instructions have been complied with. The omission is in the certificate to the French commission, which does not certify, as directed, that "the examination was subscribed by the sworn interpreter." But the commissioner does certify that the interpreter, Paul F. Paquet, "was sworn"; and he was presumably sworn in the manner directed. And although the commissioner does not certify that the interpreter subscribed the deposition, yet every page of the examination is in fact subscribed by "Paul F. Paquet, Interpreter," and at the close the deposition is in like manner subscribed by him and by the witness. There seems to be no reasonable doubt whatever, as to the fact of the subscription as required, and as the informality of the certificate in this respect cannot prejudice the defendants, it should, therefore, be held to be immaterial. Railroad Co. v. Stoner, 2 C. C. A. 437, 51 Fed. 656; Rust v. Eckler, 41 N. Y. 488; Gormley v. Bunyan, 138 U. S. 632, 11 Sup. Ct. 453; Bibb v. Allen, 149 U. S. 488, 13 Sup. Ct. 950.

5. The return of the commissions in order to have exhibits not previously attached identified and attached as required by the instructions, was a proper order; the defendants would have been allowed to interrogate the witness further as respects the identity of the exhibits had they desired to do so; but no such request being made, this right was waived.

6. The commissions on the return were properly addressed to the clerk of the court, as directed; and as directed they were sent by mail. It is immaterial that they were forwarded through the embassy bag by mail to Washington, and thence to the clerk, instead of directly to New York.

The motion to suppress the commissions should, therefore, be denied.