ENCYCLOPÆDIA BRITANNICA CO. v. WERNER CO. et al.

(Circuit Court, D. New Jersey. May 31, 1905.)

DEPOSITIONS—MODE OF TAKING—POWER OF COURT.

> Equity rule 67, which authorizes the evidence in a cause to be taken orally upon application by either party for an order therefor, is applicable to depositions taken on a commission issued under Rev. St. § 866 [U. S. Comp. St. 1901, p. 663], and, where such a commission is applied for by one party to take the testimony of foreign witnesses, the court has power to permit the adverse party to cross-examine such witnesses orally.

In Equity. On complainant's application for a commission for taking depositions of foreign witnesses.

See 135 Fed. 841.

Frederic R. Kellogg, for complainant.

Rollin M. Morgan and James Buchanan, for defendants.

LANNING, District Judge. The complainant has, on due notice, applied to this court for a commission to take the testimony of witnesses residing in London, England, upon written interrogatories and cross-interrogatories. The defendants insist that they be permitted to conduct their cross-examination orally. The question is as to the power of the court and the proper practice in such a case.

Both parties agree that the application is not made under the provisions of section 863 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 661]. That section plainly authorizes depositions de bene esse to be taken within the United States only. Cortes Co. v. Tannhauser (C. C.) 18 Fed. 667; Bird v. Halsy (C. C.) 87 Fed. 677; The Alexandra (D. C.) 104 Fed. 907; First Foster's Fed. Prac. (3d Ed.) 636.

Section 866 of the Revised Statutes [U. S. Comp. St. 1901, p. 663] provides that where it is necessary, in order to prevent a failure or delay of justice, a court of the United States "may grant a dedimus potestatem to take depositions according to common usage." The

same language was contained in section 30 of the original judiciary act of September 24, 1789, c. 20, 1 Stat. 88. In United States v. Parrott, 1 McAll. 447, Fed. Cas. No. 15,999, the Circuit Court for the Northern District of California, in construing section 30 of the act of 1789, said that, when an application for such process is made to a court of equity, the "common usage" is to be ascertained by reference to the usages of chancery. In United States v. Fifty Boxes (D. C.) 92 Fed. 602, the District Court for the Southern District of New York said:

> "The phrase 'according to common usage,' in section 866, authorizing the court to 'grant a dedimus potestatem to take depositions according to common usage,' means according to the existing practice, whether at law or in equity; that is, by a commission upon interrogatories and cross-interrogatories, as was the common usage both at the time when section 866 was passed in 1874, and at the time of the passage of the judiciary act of 1789, in which substantially the same provision was enacted."

In this district, Judge Green, on November 20, 1890, in the unreported case of Edison Electric Co. v. Westinghouse, Kerr & Co., 138 Fed. 460, following the case of Bishoffscheim v. Baltzer (C. C.) 10 Fed. 1, allowed the defendant to cross-examine the complainant's foreign witness orally. The case of Bishoffscheim v. Baltzer rested on the theory that equity rule 67 authorizes that practice. I do not think the later cases of Cortes Co. v. Tannhauser, Bird v. Halsy, and The Alexandra, supra, are in conflict with Bishoffscheim v. Baltzer.

Depositions de bene esse may be taken, under the authority of section 863, on notice from one party to the other, without commission. When they are to be taken under the authority of section 866, a commission must be issued. In the present case, the complainant applies for a commission. If the only authority for taking depositions under a commission is to be found in section 866, then I think "common usage" would require them to be taken on written interrogatories and cross-interrogatories. But equity rule 67 is clearly applicable to depositions taken under a commission. Previous to 1861, as Judge Blatchford points out in Bishoffscheim v. Baltzer, the rule authorized depositions to be taken under a commission on oral interrogatories, provided the parties agreed thereto. But in 1861 the clause relating to taking testimony by agreement on oral interrogatories was repealed, and the rule was amended by adding to it provisions making oral examination the rule if either party desires it, and examinations by written interrogatories the exception.

I will follow the practice established in this court by Judge Green, and allow the defendants to cross-examine the complainant's witnesses orally. Of course, the direct examination may also be oral if the complainant desires it. I may refer, also, to forms Nos. 187 and 188 in 1 Loveland's Forms of Federal Practice as a recognition of the right to examine witnesses in a foreign country orally under a commission or dedimus potestatem, and also to Western Division of Western N. C. R. Co. v. Drew, 3 Woods, 691, Fed. Cas. No. 17,434, and Bate Refrigerating Co. v. Gillette (C. C.) 28 Fed. 673, the latter being a case decided in this court, as to the effect of equity rule 67.