COMPANIA AZUCARERA CUBANA v. INGRAHAM, MAXWELL & BEALS.

(Circuit Court, D. Connecticut. July 14, 1910.)

No. 737.

1. COURTS (§ 350*)—FEDERAL COURTS—COMMON-LAW ACTIONS—MODE OF PROOF —DEPOSITIONS.
Under the express terms of Rev. St. § 861 (U. S. Comp. St. 1901, p. 661), in common-law actions in the United States courts, the witnesses must appear in open court, unless the case falls within one of the statutory exceptions.
[Ed. Note.—For other cases, see Courts, Cent. Dig. § 923; Dec. Dig. § 350.*
Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594, Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

2. COURTS (§ 350*)—FEDERAL COURTS—DEPOSITIONS DE BENE ESSE—FOREIGN WITNESSES.
Testimony of foreign witnesses cannot be taken under Rev. St. § 863 (U. S. Comp. St. 1901, p. 661), authorizing depositions de bene esse.
[Ed. Note.—For other cases, see Courts, Cent. Dig. § 923; Dec. Dig. § 350.*]

3. COURTS (§ 350*)—FEDERAL PRACTICE—FOREIGN WITNESSES.
Under Act Cong. March 9, 1892, c. 14, 27 Stat. 7 (U. S. Comp. St. 1901, p. 664), authorizing depositions to be taken in causes in the federal courts in the mode prescribed by the state laws, and under the Connecticut law, permitting the taking of depositions of nonresidents and providing for their oral examination, direct and cross, the Circuit Court for the District of Connecticut can grant a dedimus potestatem to take depositions in Cuba, where otherwise there will be a failure or delay of justice.
[Ed. Note.—For other cases, see Courts, Cent. Dig. § 923; Dec. Dig. § 350.*]

4. COURTS (§ 334*)—FEDERAL PRACTICE—JUDICIAL POWER.
Federal courts cannot go beyond federal authority, and adopt special privileges or restrictions enforced by states, in their courts.
[Ed. Note.—For other cases, see Courts, Cent. Dig. § 899; Dec. Dig. § 334.*]

At Law. Action by the Compania Azucarera Cubana against Ingraham, Maxwell & Beals. Plaintiffs apply for dedimus potestatem. Application granted.

John K. Beach and Wollman & Wollman, for plaintiffs.
J. L. Barbour and R. A. Knight, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PLATT, District Judge. The plaintiffs have filed an affidavit in support of their application for a dedimus potestatem to take depositions in Cuba, which seems to show clearly that, unless some form of order shall be granted, there will be a failure or delay of justice. It is clear that by by section 861, Rev. St. (U. S. Comp. St. 1901, p. 661), the Congress has taken charge of the mode of proof in the trial of actions at common law. The witnesses must appear in open court, unless a situation arises which is governed by one of the subsequent exceptions.

Plaintiffs find no aid in section 863, because the testimony of foreign witnesses cannot be taken de bene esse. The Alexandra (D. C.) 104 Fed. 907. They are driven to section 866, providng for the taking of depositions according to common usage.

Federal courts cannot exercise their discretion to go beyond federal authority and adopt special privileges or restrictions enforced by states in their courts. Nat. Cash Reg. Co. v. Leland, 94 Fed. 502, 37 C. C. A. 372; Hanks Dental Ass'n v. Tooth Crown Co., 194 U. S. 309, 24 Sup. Ct. 700, 48 L. Ed. 989.

When the judiciary act (Act Sept. 24, 1789, c. 20, § 30, 1 Stat. 88) was passed in 1789, and when amended in 1872 (Act May 9, 1872, c. 146, 17 Stat. 89), out of which section 866 emerges, it is clear that the "common usage" was to take depositions upon written interrogatories; but in 1892 Congress passed an act (Act March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664]) providing for an additional mode of taking depositions, authorizing them to be taken "in the mode prescribed by the laws of the state in which the courts are held."

The state of Connecticut permits its courts to take depositions of nonresidents, and expressly provides for the oral examination, direct and cross, of the witnesses. The power of this court to make the order asked for is, therefore, positive and clear. U. S. v. Fifty Boxes, etc. (D. C.) 92 Fed. 607.

A draft form of order was at one time submitted to the court, but is not now in hand. Counsel can hardly expect me, with the multitude of different matters which burden me daily, to keep in mind the details of the order. I can say in a general way, however, that, if the defendants remain constant in their objections to the form, I am not inclined to grant it as presented. It must be more specific, in the first place, as to the names and addresses of the witnesses to be examined. But, in addition to that, the defendants should not be compelled to incur the expense of attendance at the hearings in Cuba, and yet no satisfactory way of getting the facts which Cuban witnesses may testify to properly before our jury occurs to me, unless such witnesses are subjected to cross-examination at the time they give their direct.

I will settle the form of the order on July 26th, at 11 a. m., at Hartford, and shall expect counsel on both sides to confer as to the details, so as to be as nearly in harmony as possible before we come together.