## HUASTECA PETROLEUM CO. v. UNITED STATES.

### THE ST. HELIERS.

(District Court, E. D. New York. May 8, 1926.)

#### No. 7695.

1. **Depositions** ⊜2.

Rev. St. § 863, authorizing taking of depositions de bene esse, in derogation of the common law, to be strictly construed (Comp. St. § 1472).

2. **Depositions** ⊜54—Statute does not authorize taking of depositions de bene esse in canal zone (Rev. St. § 863 [Comp. St. § 1472]).

Depositions may not be taken under Rev. St. § 863 (Comp. St. § 1472), in a foreign country, and for the purposes of such statute the canal zone is a foreign country.

In Admiralty. Suit by the Huasteca Petroleum Company against the United States, and cross-libel by the United States against the steam tug St. Heliers and Huasteca Petroleum Company. On motion to set aside notice to take deposition. Granted.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y.

Burlingham, Veeder, Masten & Fearey, of New York City, for Huasteca Petroleum Co. and steam tug St. Heliers.

CAMPBELL, District Judge. This case comes before the court on a motion for an order vacating and setting aside the notice, dated April 23, 1926, of taking the deposition of George C. Dow, of the city of Ancon, Canal Zone, on May 25, 1926.

[1] Section 863, United States Revised Statutes (Comp. St. § 1472), provides for the taking of depositions de bene esse, and so much thereof as is necessary for consideration on this motion reads as follows:

"Sec. 863. *Depositions de bene esse.* The testimony of any witness may be taken in any civil cause depending in a district or circuit court by deposition de bene esse, when the witness lives at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial, before the time of trial, or when he is ancient and infirm. The deposition may be taken before any judge of any court of the United States, or any commissioner of a Circuit Court, or any clerk of a District or Circuit Court, or any chancellor, justice, or judge of a Supreme or superior court, mayor or chief magistrate of a city, judge of a county court or court of common pleas of any of the United States, or any notary public, not being of counsel or attorney to either of the parties, nor interested in the event of the cause."

This section is in derogation of the common law and should be strictly construed. Bell v. Morrison, 1 Pet. 351, 7 L. Ed. 174.

[2] Section 863 clearly shows that it is limited to taking depositions within the United States, both in the description of the cases in which such depositions may be taken and in the enumeration of the persons who may take them, as those named are not only federal officers, but also officers of any of the United States. The Canal Zone is a possession of the United States, and not a part of the United States, and so far as section 863,

supra, is concerned is the same as a foreign country.

Depositions may not be taken under section 863, supra, in a foreign country. Compania Azucarera C. v. Ingraham, Maxwell & Beals (C. C.) 180 F. 516; The Alexandra (D. C.) 104 F. 904; Bird v. Halsy (C. C.) 87 F. 671; Cortes v. Tannhauser (C. C.) 18 F. 667. The respondent is not without remedy, as it may secure the desired testimony under a dedimus protestatem. United States Revised Statutes, § 866 (Comp. St. § 1477).

Motion granted.