**LAGO OIL & TRANSPORT CO., Limited, v. UNITED STATES et al.**

**THE FISHER'S HILL.**

United States District Court
S. D. New York.
May 10, 1951.

Kirlin Campbell & Keating, New York City, for libelants.

Irving H. Saypol, U. S. Atty., New York City, Martin J. Norris, New York City, Attorney, Department of Justice, of counsel, for respondent.

WEINFELD, District Judge.

This is a libel proceeding in which the owner of the Captain Rodger and members

of its crew seek recovery of salvage awards. Members of the crew of the tanker Fisher's Hill, the salvaged vessel, were rescued and removed to Aruba, Netherlands West Indies, and then the salvor returned to the distressed vessel and during the course of the salvaging operation she was carried ashore and damaged. As a result, the libelant-owner, in addition to a share of the salvage award, seeks to recover One Hundred Seventy Five Thousand Dollars ($175,000) damages to the vessel.

Libelants served a notice to take at Aruba, Netherlands West Indies, the deposition by written interrogatories of the captain who was in charge of the salvor during the operation and who is still in its employ. The respondents, one, the owner of the salvaged vessel, and the other, the owner of the cargo on board her, object to written interrogatories and move that the deposition be taken by open commission.

The range of inquiry may be gathered from a reference to some of the proposed interrogatories which number one hundred forty-six (146), excluding many subdivisions. These include the maneuvers of the salvor necessary to put men, fire fighting equipment and acetylene burning equipment aboard and to pass tow lines to the salved vessel; the method used to pass the lines and the circumstances surrounding the failure of salvor's steering engine, the fouling of her propeller and subsequent loss and damage.

Among the elements to be considered are the skill and dispatch shown in rendering the service together with the foresight and skill exercised in the preparation to render it. The Kia Ora, 4 Cir., 252 F. 507; Waterman S. S. Corporation v. Dean, 4 Cir., 171 F.2d 408. In this case, in view of the separate damage claims to the salvor, this factor is of added significance as concededly it could affect that issue as well as the claim for salvage awards.

There can be little doubt that respondents, if they were limited to an examination of the captain by cross written interrogatories in pursuing the field of inquiry, would be at some disadvantage. This would be particularly so in this case as it appears that most of the activities of the salvor took place in the absence of any one of the salvaged vessel, all previously having been removed to Aruba. Only the most searching inquiry of the circumstances attendant upon the salvaging operation would reveal those basic facts on which a just and proper determination must be predicated. A written interrogatory directed to the captain as to what transpired would permit him to narrate his activities and that of his crew, not unnaturally underscoring his work and perhaps overlooking shortcomings and efficiency of operation. It would be difficult to formulate in advance written cross interrogatories to encompass and meet adequately the varied details which might be brought forth by an answer made by the captain to a direct written interrogatory.

The captain responded to a plea of distress and he and his men saved human life and property. His dramatic role might easily lend itself to an understandable high appraisal of their work. The fallability of the human mind in recalling events long past under stress and strain is well recognized. Only a follow-up questioning procedure, face to face with the witness could reasonably be expected to bring out the detailed shadings of facts necessary to present in the final analysis an accurate portrayal of the occurrence—or nearly as accurate as the human mind can be expected to reproduce past events. Under the conditions the rigidities of written interrogatories are apparent. The Titanic, D.C., 206 F. 500; Machinoimport v. Clark Equipment Co., D.C., 11 F.R.D. 55. Any procedure which denies the respondents a thorough and unrestricted examination of the one person still in the employ of the corporate-libelant who presumably is best informed, puts them at some disadvantage.

Considering all factors, including the substantial sum which libelants seek to recover, the disadvantage of written interrogatories, the waiver by respondents of any claim for advance payment for counsel fee and expense as a condition if the examination is conducted abroad, their willingness, expressed upon the argument of the motion, to pay one-half of the ex-

440

pense if in lieu thereof the deposition be conducted in this country, the motion of the respondents is granted. In the event libelants decide to accept the proposal that the captain's testimony be taken here, the order to be entered hereon may contain an appropriate provision.

█ Libelants' request that in the event the Court grants the application for an open commission that the respondents pay their reasonable expenses for attendance, is denied. They seek a substantial recovery and should bear the necessary expense of litigation. Machinoimport v. Clark Equipment Co., supra, 11 F.R.D., at page 60.

Settle order on notice.