**Nikolaos KTISTAKIS, Libellant,**

v.

**THE Liberian S.S. STAR, etc., et al., Respondents.**

No. 284.

United States District Court
E. D. Virginia,
Newport News Division.

May 29, 1958.

As Amended Aug. 5, 1958.

Burt M. Morewitz, Newport News, Va., for libellant.

Vandeventer, Black & Meredith, Walter B. Martin, Jr., Norfolk Va., for respondents.

WALTER E. HOFFMAN, District Judge.

The single question presented at this stage of the proceedings is whether, in the absence of a stipulation or agreement, a deposition *de bene esse* in admiralty may be taken in a foreign country before an officer of that country authorized to administer an oath. The question must be answered in the negative.

It has been held that a deposition *de bene esse* could not be taken in the Canal Zone, a possession of the United States but not a part thereof, under former § 639, Title 28 U.S.C. See: Huasteca Petroleum Co. v. United States, D.C.E.D.N.Y.1926, 14 F.2d 495. By the Acts of June 25, 1948, c. 646, 62 Stat. 949, the sections which had formerly authorized and regulated the taking of depositions *de bene esse* were omitted. These sections were formerly found in 28 U.S.C.A. § 639–641, and were of ancient origin. See: Act of September 24, 1789, c. 20, § 30, 1 Stat. 88, and subsequent legislation leading up to the Act of May 9, 1872, c. 146, 17 Stat. 89. Even though not reenacted as a part of Title 28 U.S.C., it has not been repealed, and depositions *de bene esse* have statutory vitality in admiralty proceedings. Mercado v. United States, 2 Cir., 184 F.2d 24; Dowling v. Isthmian Steamship Corp., 3 Cir., 184 F.2d 758, 772, certiorari de-nied 340 U.S. 935, 71 S.Ct. 493, 95 L.Ed. 675.

The consensus of opinion appears to be that the language of the former statute (R.S., § 863) implies a limitation that depositions *de bene esse* may be taken only in the United States in the absence of agreement to the contrary. Compania Azucarera Cubana v. Ingraham, Maxwell & Beals, C.C., 180 F. 516; Encyclopædia Britannica Co. v. Werner Co., C.C., 138 F. 461; The Alexandra, D.C., 104 F. 904; Bird v. Halsy, C.C., 87 F. 671, certiorari denied 178 U.S. 615, 20 S.Ct. 1031, 44 L.Ed. 1217; Cortes Co. v. Tannhauser, C.C., 18 F. 667. Contra: Bischoffscheim v. Baltzer, C.C., 10 F. 1. Where the parties have stipulated to the use of a deposition taken in a foreign country, there is no apparent reason why the same should not be used. In the absence of an agreement, the remedy appears to be in the use of a commission, open or closed as may be directed by the court, or by means of the cumbersome procedure involving letters rogatory.

Permission to take depositions *de bene esse* in a foreign country to be used as evidence in this case is denied. Counsel may prepare an order to this effect.