OTIS McALLISTER & CO., Libelant,

v.

THE S.S. MARCHOVELETTE, her engines, boilers, etc., and Compagnie Maritime Belge (Lloyd Royal) S.A., Respondent.

United States District Court
S. D. New York.
Feb. 1, 1961.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for libelant; George B. Warburton, New York City, of counsel.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for respondent; James E. Freehill, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

In this suit in admiralty libelant as shipper sues for damages to a shipment of 14,000 bags of coffee which it claims were contaminated as a result of conditions aboard respondent's ship. The coffee was loaded in Porto Amboim, Angola, and was unloaded in New York for transshipment to Toronto. The issue in the case centers about whether the alleged contamination of the coffee occurred aboard defendant's vessel.

Some four years after the cargo was unloaded respondent retained a biochemist residing in London as an expert witness in preparation for trial. Samples of the allegedly contaminated coffee were shipped to him and he made a written report of his analysis.

Respondent gave notice to take the deposition of this expert witness de bene esse on written interrogatories. Libelant has moved to quash the notice, or, in the alternative requiring the deposition to be taken orally at the cost and expense of the respondent and upon terms to be fixed by the court.

The motion was originally brought on before Judge Cashin, who quite properly refused to consider it since both the notice of deposition and the interrogatories to be propounded were not presented to the court.

The motion before me is a renewal of the motion made before Judge Cashin. This time, while the proposed interrogatories are presented, the parties have again neglected to present the notice of deposition sought to be quashed. With some reluctance I shall nevertheless dispose of the motion but only to conserve the time of the court and to avoid unnecessary duplication of judicial effort.

Dr. Milton, the witness sought to be examined, has no first-hand knowledge of any of the facts and circumstances regarding the transaction in suit. He is presented as an expert witness and can give opinion evidence only. Unlike ordinary witnesses, who must be taken as they come, a litigant may choose his expert witnesses at his own discretion. Here the respondent has given no reason why it could not have retained a qualified expert who resides here. Instead it chose to hire one residing in England.

Moreover, it now seeks to take the deposition of this expert on written interrogatories concerning rather complex technical questions. It seems plain that cross-examination of such a witness solely by written questions would place the libelant at a distinct disadvantage.

Nothing required the respondent to hire an English expert, or to take his deposition in London. Respondent may not preclude the libelant from its right to confrontation and oral cross-examination by selecting an expert there and then claiming that the cost of oral examination would be too great for it to bear. Depositions de bene esse on written interrogatories were not designed, nor should they be permitted to be used, for such a purpose. Even in the case of ordinary witnesses it is at best doubtful whether depositions on written interrogatories may be taken outside the country as a matter of right. The St. Heliers, D.C.E. D.N.Y., 14 F.2d 495; Ktistakis v. The S. S. Star, D.C.E.D.Va., 169 F.Supp. 820, 1958 A.M.C. 2491. Cf. Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462; Mercado v. United States, 2 Cir.,

184 F.2d 24, 3 Benedict, Admiralty, 50 (6th ed. 1940).

In this case there is no reason whatsoever why respondent should be permitted to take the deposition of this expert witness in London on written questions.

The notice to take the deposition of the witness Milton by written examination will be quashed. If the respondent desires to take his deposition in London it may do so only if it affords libelant full opportunity to cross-examine the witness orally and pays expenses and reasonable fees of libelant's counsel in conducting such examination. Counsel for the respective parties will attempt to agree upon reasonable counsel fees and expenses to be provided in the order to be entered. If they are unable to agree the court will fix such fees and expenses.

Settle order on notice.