**UNITED STATES of America and Commodity Credit Corporation, Libelants,**

v.

**S.S. MARINE COURIER, her engines, boiler, etc. and Marine Navigation Company, Inc. and Marine Transport Lines, Inc., Respondents.**

United States District Court
S. D. New York.
Dec. 10, 1964.

Robert M. Morgenthau, U. S. Atty., for libelants.

Louis E. Greco, Atty. in Charge, Admiralty & Shipping Section, Dept. of Justice, New York City, of counsel.

William H. Postner, Atty., Admiralty & Shipping Section, Dept. of Justice, of counsel.

Cadwalader, Wickersham & Taft, New York City, for respondents. Ian R. MacLeod, New York City, of counsel.

WEINFELD, District Judge.

The respondents object to libelants' motion for the issuance of letters rogatory upon interrogatories and cross-interrogatories on the ground that only an oral examination of the proposed witnesses will adequately protect their interests. There can be no doubt that face-to-face questioning of witnesses is a more desirable method of eliciting the truth.[1] But ofttimes practical consideration compels the litigants to be content with less effective means of inquiry. Upon the argument it was indicated that the amount involved in this litigation hardly warrants the expense necessarily to be incurred in examining foreign witnesses by oral questioning rather than by written interrogatories.

The motion for the issuance of letters rogatory upon written interrogatories is granted, provided, however, that the respondents, at their option, upon giving written notice within five days after serv-

1. Lago Oil & Transport Co. v. United States, 97 F.Supp. 438, 439 (S.D.N.Y. 1951); Worth v. Trans World Films, Inc., 11 F.R.D. 197 (S.D.N.Y.1951); V. O. Machinoimport v. Clark Equipment Co., 11 F.R.D. 55 (S.D.N.Y.1951).

ice upon them of libelants' interrogatories, may orally cross-examine the witnesses in accordance with the applicable laws of the foreign country. In that event, the libelants may withdraw their written interrogatories and likewise conduct a direct examination orally.[2]

Each party shall bear its own expenses.

---

2. Branyan v. Koninklijke Luchtvaart Maatschappij, 13 F.R.D. 425 (S.D.N.Y. 1953); Encyclopaedia Britannica Co. v. Werner Co., 138 Fed. 461 (C.C.D.N.J. 1905).