**LEASCO DATA PROCESSING EQUIP-MENT CORPORATION and Leasco International N.V., Plaintiffs,**

v.

**Robert MAXWELL, M.C.M.P., et al., Defendants,**

**Saul P. Steinberg et al., additional parties with respect to the counterclaim.**

**No. 69 Civ. 4790.**

United States District Court,
S. D. New York.

Nov. 16, 1973.

Willkie, Farr & Gallagher, New York City, for plaintiffs.

Nickerson, Kramer Lowenstein, Nessen, Kamin & Soll, New York City, for defendants Isthmus Enterprises, Inc., Maxwell Scientific Intern. Inc., M. S. I. Publishers, Inc. and Robert Maxwell.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for defendants Robert Fleming & Co. Ltd. and Robert Fleming, Inc.

*Memorandum Opinion*

ROBERT L. CARTER, District Judge.

I

Plaintiffs move, pursuant to Rule 28(b) of the Federal Rules of Civil Procedure ("FRCP"), for an order issuing a letter rogatory to secure the testimony of a representative of Price Waterhouse & Co. in London, England having personal knowledge of an investigation of the Pergamon Press, Ltd. by Price Waterhouse, the latter's report of the 1968 and 1969 Pergamon Press accounts, and having custody of the work papers of Price Waterhouse in connection with these matters. Plaintiffs also move, pursuant to Rule 37(a), FRCP, for an order directing defendants Robert Maxwell, Isthmus Enterprises, Inc., Maxwell Scientific International, Inc., MSI Publishers, Robert Maxwell & Co. Ltd., Robert Fleming & Co., Ltd. and Robert Fleming, to produce and permit the copying of transcripts of testimony given by them or any of their officers or directors concerning the affairs of Pergamon Press and its subsidiaries before the British Department of Trade and Industry (previously, British Board of Trade); for an order setting a date for the production by defendants of various promised documents; and pursuant to Rule 37(a)(4), FRCP, for counsel fees, expenses and costs incurred in the making of these motions.

Defendants Maxwell, et al., allege that they have turned over to plaintiffs the promised documents and, therefore, the motion is, in this respect, moot. They oppose the motion in respect of the issuance of a letter rogatory and the production of the transcripts of testimony of Maxwell and others before the British

Department of Trade and Industry. In the alternative, in respect of the issuance of a letter rogatory, they urge that if that motion is granted, prepayment of travel expenses and reasonable counsel fees, as authorized by Rule 5(a) of the Civil Rules of this court, would be appropriate. Defendant Kerman urges that the determination of the letter rogatory issue be deferred until his motion to dismiss is decided.

This is an action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b-5, 17 CFR § 240.10b-5 of the Rules of the Securities and Exchange Commission to recover some 22 million dollars alleged to have been lost through defendants' fraud. In 1969 plaintiff Leasco Data Processing Corp. ("Leasco") entered into an agreement with defendant Maxwell to acquire substantially all the stock of Pergamon Press. After purchase of over 5 million shares of this stock at a cost of approximately 22 million dollars, Leasco, alleging fraud, terminated the agreement.

## II

As a result of Leasco's termination, trading in Pergamon Press stock was suspended and an investigation into its affairs was begun. In September 1969, Pergamon Press retained Price Waterhouse & Co. as independent outside auditors to review Pergamon's audited accounts from January, 1968 to September 30, 1969, to report any substantial adjustment to the audited figures and taxation changes during that period which Price Waterhouse deemed advisable and to report what additional information Pergamon might give to Pergamon shareholders. Price Waterhouse submitted its report on August 21, 1970.

Plaintiffs assert that Price Waterhouse & Co. has much information concerning the financial affairs of Pergamon Press and has evaluated financial statements of Pergamon Press which were relied upon by plaintiff and which induced them to enter into the now terminated agreement; that the testimony of Price Waterhouse & Co. will provide critical support to their contentions; and allege that there is no other source available from which the testimony expected of Price Waterhouse can be obtained.

Defendants argue that in seeking the testimony of Price Waterhouse & Co., plaintiffs are seeking to depose an expert witness, and they flatly assert that "[a] party is barred from seeking depositions in foreign countries 'for the purpose of getting expert testimony.' 4 Moore's Federal Practice at 1933 (1972 ed.); Otis McAllister & Co. v. The S. S. Marchovelette, 200 F.Supp. 695 (S.D.N.Y.1961)." We are assured that this rule is so firmly fixed that "no memorandum of law is needed."

I am persuaded to the contrary. The plaintiffs present precisely the kind of situation that Rule 28(b) was designed for, that is, to give assurance to the courts that issuance of letters rogatory would be appropriate. Plaintiffs cannot secure from any domestic expert the testimony it hopes to elicit from Price Waterhouse in London. Defendants' contention that letters rogatory will not issue to secure the testimony of expert witnesses in foreign countries is correct, but only if adequate expert testimony is available in the United States. See American Infra-Red Radiant Co. v. Lambert Industries, Inc., 32 F.R.D. 372, 374 (D.Minn.1963); 4 Moore's Federal Practice, 1933 (2d ed. 1972). I do not read *Otis McAllister, supra,* as enunciating a contrary principle. Moreover, there is reason to believe that a failure to grant plaintiff's motion could constitute an unwarranted abuse of discretion. See Zassenhaus v. Evening Star Newspaper Co., 131 U.S.App. D.C. 384, 404 F.2d 1361 (1968).

It should be added, parenthetically at least, that I am not altogether confident that the testimony which plaintiffs seek from Price Waterhouse can properly be

characterized as expert testimony. Finally on this point, defendants' contention that under English law Price Waterhouse will be barred from giving the testimony sought provides no basis for refusing to issue the order sought. See Uebersee Finanz-Korporation, A. G. Liestral, Switzerland v. Brownell, 121 F.Supp. 420, 426 (D.D.C.1954).

The request for prepayment of expenses to attend the deposition of Price Waterhouse & Co.'s representative in London and for reasonable counsel fees is granted. A per diem of $100 for each day in attendance at the deposition, including travel time, plus cost of first class plane fare to London is ordered prepaid as covering expenses and reasonable counsel fees for one attorney for each of the separately represented defendants, pursuant to Civil Rule 5(a) of this court. Of course, if defendants plan to take depositions abroad, similar prepayment for plaintiff's attorney will be ordered. Therefore, nothing will be gained by counsel's failure to seek to schedule all foreign depositions at the same time, on one trip, if possible, thus eliminating the need for prepayment of counsel fees and expenses.

Defendant Kerman has pending a motion to dismiss as to him. There is no valid reason to require his counsel to go to London to attend the deposition of Price Waterhouse when he may subsequently be no longer involved. Issuance of the letter rogatory, therefore, is to be deferred until disposition of Kerman's motion to dismiss.

### III

The British Department of Trade and Industry, after trading in the Pergamon Press stock had been suspended, undertook an investigation of Pergamon Press. During the course of this investigation the testimony of defendant Maxwell and, I gather, of other officers and directors of Maxwell Enterprises, was taken. The investigation was closed to the public; the testimony received was regarded as confidential and was not to be used by the department for any purpose other than in whatever report it issued. See opinions of Lord Denning and Sachs, L. J., in In Re Pergamon Press Ltd., [1971 C.H. 388 (Court of Appeals, July, 1970)]. It is my understanding that each witness was given a copy of the transcript of the testimony he gave. Therefore, defendants Maxwell are in possession and control of the transcripts sought.

Defendants resist plaintiff's motion arguing attorney-client privilege. That contention has no merit either under English law, see Salangor United Rubber Estates Ltd. v. Cradock, 4 W.L. R. 319 (Chancery Div. 1968) or more importantly under our law, see La Morte v. Mansfield, 438 F.2d 448 (2d Cir. 1971). There is no basis for contending that the testimony is inadmissible in this court. See Herbst v. Able, 63 F. R.D. 135 (S.D.N.Y.1972). Plaintiffs' motion in regard to the transcripts of testimony before the British Department of Trade and Industry is granted in all respects.

### IV

Finally, on the plaintiffs' motion requesting the court to set a date for defendants' production of the promised material, defendants advise the court that the matter has been settled to all parties' satisfaction. On that assurance the court will not act on that portion of plaintiffs' motion and denies the motion for counsel fees, expenses and costs incurred in bringing on the motion.

So ordered.