## FALL CORPORATION et al. v. YOUNT–LEE OIL CO. et al.

### No. 1740.

District Court, E. D. Texas, Beaumont Division.

Oct. 3, 1938.

766

Howth, Adams & Hart, of Beaumont, Tex., for plaintiffs.

Strong, Moore & Strong and Nall & Weller, all of Beaumont, Tex., and Wood & Morrow, of Houston, Tex., for defendants.

ATWELL, District Judge.

Evidently for the purpose of proving heirship, the plaintiffs filed lengthy written interrogatories to be propounded to and answered by certain witnesses who reside in counties other than the one in which the case is pending.

Thereupon, the defendants filed a motion, setting up that they were unable to intelligently question the witnesses until they knew what the witnesses were testifying. They ask that the court order the testimony to be taken orally instead of on written interrogatories and cross-interrogatories.

New Rule 30, 28 U.S.C.A. following section 723c, deals with oral examination and vests in the court certain right of supervision. Rule 31, 28 U.S.C.A. following section 723c, gives a party the right to take a deposition upon written interrogatories. Subdivision (d) of that rule provides that "after the service of interrogatories and prior to the taking of the testimony of the deponent, the court in which the action is pending, on motion promptly made by a party or a deponent, upon notice and good cause shown, may make any order specified in Rule 30 which is appropriate and just or an order that the deposition shall not be taken before the officer designated in the notice or *that it shall not be taken except upon oral examination.*"

There are one hundred six interrogatories to witness, Gregory, which make inquiry about children and other relations of numerous families. The witness, Ristine, is asked a much lesser number of questions which relate to the identity and kin of his wife before she became Mrs. Ristine. Her name before marriage and the names of the other members of the family are not given.

It is manifest that it would be practically impossible to propound effective or reasonable cross-interrogatories to such direct ones.

It seems to be a case that comes meritoriously within the discretion of the court under the last line of subdivision (d) of Rule 31, and to require that the deposition be taken upon oral examination.

At least one purpose of the new rules is to expedite justice and to go directly to the matter under inquiry. It seems to me that oral examination would best serve in this particular instance, and

It is so ordered.