**WINOGRAD BROS., Inc., v. CHASE BANK et al.**

District Court, S. D. New York.
Jan. 20, 1939.

PATTERSON, District Judge.

The plaintiff served notice that it would take the depositions of some seven witnesses in China on written interrogatories. The defendant then moved for leave to cross-examine the witnesses orally on the taking of the depositions. The circumstances of the case are such that the defendant should have such leave. Bischoff-scheim v. Baltzer, C.C.N.Y., 10 F. 1; Maryland Trust Co. v. Kirby Lumber Co., C.C.N.Y., 149 F. 443; Fall Corporation v. Yount-Lee Oil Co., D.C.Tex., 24 F.Supp. 765. As indicated at the argument, the plaintiff may either have a direct examination orally as well as a redirect, or it may adhere to its written interrogatories on direct examination and have an oral redirect. The plaintiff has since indicated that it will take the latter course.

There remains only the matter of expenses. I know of no case in this court where the party asking for the taking of depositions has obtained expenses from his adversary. The case is not like one where a party moves to take depositions abroad on oral examination; in such cases it is often provided that the party seeking to take the evidence must bear his adversary's expenses. The situation here is one where each party ought to bear its own expenses. Settle order on notice.