Rafalko

v.

Powers

June 27, 1972

Case No. (Law) 14634

### By JUDGE CHARLES H. DUFF

I have considered the depositions in the file in detail as well as able arguments of counsel on the three motions filed herein and hasten to furnish you with the Court's opinion.

The Motion for Summary Judgment filed by defendant Chambers will be granted. The depositions clearly show that she had come to a normal halt behind the plaintiff's vehicle in obedience to a red traffic signal. While in this position her vehicle was struck by defendant Powers and driven into the plaintiff's car. I do not find that reasonable men could differ on the question of her lack of negligence and accordingly Summary Judgment will be granted. The order previously submitted is being entered this date.

The Motion for Summary Judgment filed by the plaintiff against defendant Powers presents more difficulty. While the depositions strongly suggest the accident to have been a typical rear end collision occasioned by the improper lookout of this defendant, he seemingly justifies his momentary distraction by the intrusion of a car to his

right into the stream of traffic. It is not entirely clear from the depositions just how far this was from the point of collision. It seems to me that the possibility is thus created that reasonable minds might differ as to whether the distraction was negligence under the circumstances. Accordingly the Motion for Summary Judgment is denied.

The final Motion, filed by defendant Powers, seeks a Protective Order prohibiting the plaintiff from taking the deposition of a physician in Germany by written questions. He argues that complete and effective cross-examination can only be satisfied by oral examination and cites *Fall Corp. v. Yountlee Oil Co.*, 24 F. Supp. 765 (E.D. Tex. 1938), *Morrison Export Co. v. Goldstone*, 12 F.R.D. 258 (S.D. N.Y. 1952), and *Lago Oil & Transport Co. v. U.S.*, 97 F. Supp. 438 (S.D. N.Y. 1951), in support thereof. While these decisions are apropos to the issue, they turn on their own factual pattern and as such are not controlling on the factual pattern of this case.

Without passing on the subsequent admissibility of any of the questions propounded, I am of the opinion that plaintiff should be allowed to proceed by written questions to Dr. Kaemmerer. Certainly the range of inquiry is not near so broad as that sought in *Lago Oil etc. Co.*, *supra*, and in the event that the defendant feels seriously prejudiced in his cross questions to the witness he can then proceed by oral deposition himself. In short, to limit the form of plaintiff's discovery in this type of case might well work an inequitable hardship on plaintiff while to deny the protective order does not prevent the defendant from the full extent of discovery if he be so advised.

The Motion for a Protective Order will be denied to that extent but will be granted to the extent of allowing twenty-one days from this date for the serving of cross questions by the defendant. In passing, it appears to me that the notice filed herein by the plaintiff complies with the requirements of Rule 4:6 as to form.