### THE SIGNE.

### TIEDEMANN v. THE SIGNE et al.

### No. 489.

District Court, E. D. Louisiana, New Orleans Division.

April 4, 1941.

Charles Recht, of New York City, and Terriberry, Young, Rault & Carroll, Andrew R. Martinez, and Joseph M. Rault, all of New Orleans, La., for plaintiff.

P. A. Beck, of New York City, and Denegre, Leovy & Chaffe and Lloyd A. Ray, all of New Orleans, La., for defendant.

CAILLOUET, District Judge.

Proctors of record for the libelant herein, filed their motion suggesting to the court that they desire to procure the testimony of Oskar Tiedemann, the libelant, who is represented as residing at Vabaduse Valjak 10, Tallinn, Estonia.

It is made to appear by said motion that such testimony can not be secured, save and except by and through means of letters rogatory from this court, requesting the Supreme Court of the Russian Soviet Federated Socialist Republic, Union of Soviet Socialist Republics, at Moscow, to assist this court in obtaining said testimony; and the appropriate order for such letters rogatory, from this court, addressed to said Supreme Court, "or such Court or Courts of competent jurisdiction exercising jurisdiction in the City of Moscow, U.S.S.R.", is accordingly applied for.

Strenuous opposition to the granting of said order is made by the proctors for respondent and claimant, and whilst the court's first natural inclination was to grant the application for letters rogatory since, as it is represented by the movers, the testimony of the libelant may not otherwise be secured, and he should, under normal conditions, be granted the opportunity to present to the court such legal evidence as he deems proper to establish the claimed rights of himself and his alleged principals in and to the S. S. Florida, her engines, tackle, apparel, furniture, appurtenances and equipment, a further and more comprehensive examination into the subject matter, however, has forced the court to the definite conclusion that there would be no justification for the granting of the application for such letters rogatory, in view of existent circumstances, over which, it may nevertheless be true, the libelant has, unfortunately, no control.

Such libelant is represented by the movers to be a resident of Estonia, and Estonia is that autonomous country of which the absorption by and into the Union of Soviet Socialist Republics was sought to be effected by said Union during the year 1940, although the United States of America has never recognized such attempted absorption, and regards as still in force the Treaty of Friendship, Commerce and Consular Rights between said Estonia and themselves, which was signed on December 23, 1925; and said United States of America, as late as December 19, 1940, and unto this very day (the court has no reason to doubt), continues to recognize an Acting Counsel General of Estonia, at New York, as vested with authority to act as such.

Letters rogatory are the medium, in effect, whereby one country, speaking through one of its courts, requests another country, acting through its own courts and by methods of court procedure peculiar thereto and entirely within the latter's control, to assist the administration of justice in the former country; such request being made, and being usually granted, by reason of the comity existing between nations in ordinary peaceful times.

The country so requesting this aid for and on behalf of the orderly administration and dispensing of justice in its courts, first conveys, in its letters rogatory, the official greetings of its governing head to the court, or courts, in the foreign country wherein resides a witness whose testimony it is sought to take by means of the good offices of said court, or courts, and the sustaining authority of the laws therein administered concerning the taking of evidence under letters rogatory. 24 Words and Phrases, Permanent Edition, "Letters Rogatory", pp. 704, 705; Black's Law Dictionary, 3d Edition, p. 1092.

For usual form of letters rogatory, see Benedict on Admiralty, 6th Edition–Knauth, § 400, p. 99; and form used in this court.

"By the law of nations", reads Benedict on Admiralty, § 400, p. 92, "the courts of justice of different countries are bound mutually to aid and assist each other for the furtherance of justice." To secure such aid and assistance, letters rogatory are resorted to (the author continues), and the request to take the desired testimony which is thereby made of the court, or courts, in the foreign country is justified by the offer to do the like, should request therefor ever be made in a similar case, by such foreign court, under authority of the national laws which govern it.

In this case, here at issue, the form of letters rogatory submitted by the applicants therefor is made the medium of conveying the official greetings of His Excellency, the President of the United States, to the Supreme Court, Russian Soviet Federated Socialist Republic, Moscow, U.S.S.R, and of the giving of assurance to said court that "we shall be pleased to do the same for you in a similar case, when required".

This District Court of the United States of America, whose power and authority to function as such within the Eastern District of Louisiana is derived from the Constitution and the Acts of Congress, should not exercise that authority (as for instance in the issuance of letters rogatory now being applied for) in such a manner as to belittle, in the eyes of a foreign court, the very source of the authority which, alone, under normal conditions, would justify this court in seeking the good offices of said foreign court, in the name of said United States of America, to the end that justice may be done in this American court.

This nation does not recognize that the Supreme Court of the Russian Soviet Federated Socialist Republic, Union of Soviet Socialist Republics, at Moscow, is justly vested with legal jurisdiction over any part of Estonia, but, on the contrary, officially deprecates and condemns the action of the Union of Soviet Socialist Republics in attempting to absorb into the Russian Soviet Federated Socialist Republics the hitherto autonomous nation of Estonia.

The letters rogatory applied for and submitted for issuance by this court, however, specifically assert that the libelant is within the jurisdiction of said Supreme Court of the Russian Soviet Federated Socialist Republic, Moscow, Union of Soviet Socialist Republics, and for that reason, request is made of said court by this American court

that, "in the furtherance of justice" and "by proper and usual process" of said Supreme Court, the libelant, "who resides at Vabaduse Valjak 10, Tallinn, Estonia," be caused to appear before said Supreme Court, etc.

This court should not, and will not, under the existent circumstances detailed hereinabove, issue any such letters rogatory.

It is true that the motion of counsel for such letters rogatory alleges that the libelant, who is therein represented to be a resident of Estonia, "upon being summoned or notified by said Court (meaning the Supreme Court, to whom it is desired to have the letters rogatory addressed) will voluntarily appear at said tribunal to answer the interrogatories", but neither the United States of America nor this court recognizes any legal authority in said Supreme Court, Russian Soviet Federated Socialist Republic, Union of Soviet Socialist Republics, Moscow, to summon before it a resident of Estonia, at the instance of this American court and by way of assisting it in the doing of justice. How, then, can official request for such summons be made?

The libelant, it must be remembered, carries the burden of making out his case, and the evidence that he would submit, in any event, would be subject to the scrutiny of this court.

Under the Treaty of May 25th, 1926, between Estonia and the United States of America, 44 Stat. 2379, full provision is made for the taking of the testimony of a resident of Estonia, such as is, admittedly, the libelant. By executive agreement, evidenced by the notes exchanged on November 22, 1935, at Moscow, U.S.S.R., between U. S. Ambassador William C. Bullitt and M. Litvinoff, People's Commissar for Foreign Affairs, special procedure covering the delivery of all letters rogatory issued out of the courts of the United States for execution in the Union of Soviet Socialist Republics was provided for, it being specially declared by the Litvinoff note that the Supreme Court of "that constituent republic" of the Union of Soviet Socialist Republics "which is competent to execute such letters rogatory" should be addressed by the American court, or, in case the exact title of such court were unknown, then addressed to "the competent Court of the Union of Soviet Socialist Republics"; the delivery to and from said Supreme Court of said

constituent republic, to be effected through diplomatic channels. Benedict on Admiralty, supra, at pp. 96–98.

This convention between the two nations, so evidenced by the exchange of the Bullitt and Litvinoff notes, still exists, and in order for letters rogatory to legally find their way to the Supreme Court of the constituent republic of the Union of Soviet Socialist Republic which would be requested, as a favor, to assist this United States Court in the discharge of its duty to the litigants before it, the usual diplomatic channels would have to be resorted to.

It is unthinkable that, in view of the aforedetailed condition of affairs concerning the status of Estonia in its National relations to the United States, this United States court should now issue letters rogatory in aid of the libelant, the Estonian resident, which could only be executed by the very governmental authority that, contrary to the official views of the United States, asserts jurisdiction over the territory of Estonia.

If the libelant, in good faith, wishes to present to this court his own testimony, and no restrictions are placed upon his journeying beyond the bounds of the territory wherein he resides in order to give such testimony under other circumstances than those involved in the application made for letters rogatory to the Supreme Court at Moscow, and which respondent represents as indicative of a situation necessarily justifying one to look with suspicion upon the whole proceeding, it may be that libelant may find it advantageous and possible to avail himself of the respondent's offer, concerning the giving of such testimony beyond the borders of the territory now under control of the Union of Soviet Socialist Republics, which is presented by the brief of respondent's counsel.

If he may not, for any reason, avail himself of said offer, it may be that it will be found advisable by Mover's counsel to stipulate (in keeping with the additional offer of respondent's counsel) as to what would be libelant's answers to the interrogatories were his testimony taken in the territory controlled by the Union of Soviet Socialist Republics.

If, unfortunately for him and those he claims to represent, libellant finds himself unable to discharge the burden of proof he assumed in coming before this court as libelant, the situation is not one that the court feels justified in ameliorating by the issuance of the letters rogatory applied for.

For which reasons, the application is denied.