**B & L DRILLING ELECTRONICS, a division of B & L Consulting, Ltd., Plaintiff,**

v.

**TOTCO, a division of Baker International Corporation, Defendant.**

**No. CIV.–78–0396–D.**

United States District Court, W. D. Oklahoma.

Dec. 19, 1978.

**544**

Dennis C. Roberts, J. Gid Bryan, Oklahoma City, Okl., for plaintiff.

Lawrence H. McMillin, Billy J. Hendrix, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action alleging breach of contract and fraud in connection with a lease agency agreement whereby Plaintiff was granted the exclusive rights to market certain oil field electronic products in Canada. It is asserted that this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy. The matter is now before the Court on Defendant's Motion for Letters Rogatory. Defendant has filed a Brief in support of its Motion and Plaintiff has filed a notice of its objections to Defendant's motion, with a supporting brief.

Pursuant to Rule 28(b)(3), Federal Rules of Civil Procedure, Defendant moves the Court to order the Clerk of this Court to issue letters rogatory directed to the appropriate authority in Alberta, Canada requesting the oral examination of Jack Dunphy, I. McChesney, Tom Ramsay, Richard Bloemhoff, G. J. DeSorcy, S. J. Sutton and H. A. Perrier. Defendant states that these witnesses have knowledge of material facts for the defense of this action and that their depositions are vital to its defense. It further contends that oral examinations of these witnesses are necessary and are the only feasible and satisfactory way to obtain the information Defendant seeks from these witnesses.

Plaintiff bases its objections to Defendant's Motion for Letters Rogatory on its contention that the purpose of said Motion is for unnecessary delay and that the information sought is not material and necessary to Defendant's defense of this action. Plaintiff states that Defendant has instituted an action in Canada on issues bearing on this case and that the delay involved herein will benefit Defendant by permitting partial trial of those issues. Plaintiff argues that Defendant has not made a sufficient showing of good cause to support a finding that the parties named in its Motion for Letters Rogatory have personal knowledge of the matters about which information Defendant seeks. It maintains that as the granting of Defendant's motion would cause it unusual and serious hardship and expense, it is entitled to a protective order. Plaintiff requests that the Court deny Defendant's Motion for Letters Rogatory or, in the alternative, that if the Court deems it proper for letters rogatory to issue, that Defendant be ordered to bear the expense incurred therein.

A letter rogatory is defined as

the medium, in effect, whereby one country, speaking through one of its courts, requests another country, acting through its own courts and by methods of court procedure peculiar thereto and entirely

within the latter's control, to assist the administration of justice in the former country; such request being made, and being usually granted, by reason of the comity existing between nations in ordinary peaceful times.

*The Signe*, 37 F.Supp. 819 (E.D.La.1941).

In the United States Code, 28 U.S.C. § 1781(a) recognizes and adopts the traditional use of a letter rogatory. Rule 28(b)(3), Federal Rules of Civil Procedure, allows a deposition to be taken pursuant to a letter rogatory. Said rule provides in pertinent part:

(b) *In Foreign Countries.* In a foreign country, depositions may be taken . . (3) pursuant to a letter rogatory . . .. [A] letter rogatory shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of . . . a letter rogatory that the taking of the deposition in any other matter is impracticable or inconvenient; and . . . a letter rogatory may be issued in proper cases.

■ The courts have inherent authority to issue letters rogatory. *United States v. Reagan*, 453 F.2d 165 (6th Cir. 1971), *cert. denied*, 406 U.S. 946, 92 S.Ct. 2049, 32 L.Ed.2d 334 (1972); *United States v. Staples*, 256 F.2d 290 (9th Cir. 1958). The determination as to when a request for a letter rogatory should be granted and when it should be refused must be decided in view of the circumstances of the particular case involved. 26A C.J.S. *Depositions* § 28, at 318 (1956). While Rule 28(b)(3), as amended in 1963, provides that a letter rogatory shall be issued on application and notice, this must be read together with Rule 26(c), Federal Rules of Civil Procedure, which permits the Court to make any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* 4 Moore's *Federal Practice* ¶ 28.05 (1976).

■ However, there must be some good reason for the Court to deny a party the judicial assistance requested by means of a letter rogatory. *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361 (D.C. Cir. 1968). Ordinarily on a motion for the issuance of a letter rogatory, the Court will not weigh the evidence that is to be adduced by deposition and will not attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought. 26A C.J.S. *Depositions* § 28, at 318 (1956).

■ In this case, in view of the liberal discovery permitted under the Federal Rules of Civil Procedure and upon consideration of Defendant's Motion for Letters Rogatory and Plaintiff's opposition thereto, the Court finds and concludes that Defendant's Motion should be granted. The Court is unable to conclude from the information before it that the discovery sought by Defendant in connection with the requested letters rogatory is not material and necessary to Defendant's defense of this action. The Federal Rules of Civil Procedure permit discovery of information which, though not itself admissible, may disclose or lead to admissible evidence. Rule 26(b)(1). *See, e. g., Burns v. Thiokol Chemical Corp.*, 483 F.2d 300 (5th Cir. 1973); *Mellon v. Copper–Jarrett, Inc.*, 424 F.2d 499 (6th Cir. 1970).

However, in view of the burden and expense oral depositions in Alberta, Canada would place upon the Plaintiff, the Court concludes that the Defendant should first try to obtain the information it seeks from the witnesses in question by the taking of their depositions on written questions under Rule 31, Federal Rules of Civil Procedure. Otherwise, it would appear that the oral examinations of these witnesses in Alberta, Canada might constitute an undue burden and expense on the Plaintiff.

Accordingly, Defendant's Motion for Letters Rogatory is granted but only on the basis that the desired discovery of the witnesses residing in Alberta, Canada proceed under Rule 31, *supra*, by the taking of their depositions upon written questions. Should this less burdensome and less expensive procedure prove inadequate for any reason, upon a proper showing, the Court will entertain a further request to take the oral examinations of said witnesses in Alberta, Canada.

Counsel for both parties are directed to collaborate in the preparation of an appropriate Order based on the foregoing and present the same to the Court within ten (10) days of this date.