**UNITED STATES of America**

v.

**Nelson Esteban Bello LOPEZ and Marisol Hernandez, Defendants.**

**No. CR 87–546.**

United States District Court,
E.D. New York.

March 22, 1988.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Defendants were indicted for conspiracy to possess heroin with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 843(b), 843(c), 846, 853 and 18 U.S.C. §§ 2, 924(c), 3623. This fourteen count indictment alleges a well organized and large scale heroin distribution operation.

Pursuant to 21 U.S.C. § 853(f) the government moved the Court for a seizure warrant after it was determined that there was a probable cause to believe that a United States dollar account, # 5181200/703, held by the *Banco de la Republica Oriental del Uruguay*, Montevideo, Uruguay constituted proceeds which were traceable to the sale of controlled substances in violation of Title 21. Accordingly, as the funds were traceable to activities which violated Title 21 they were subject to forfeiture under 21 U.S.C. § 853. The Court, therefore, granted the government's motion.

The United States Attorney's office contacted *Banco de la Republica* at its New York Branch office, 1270 Avenue of the Americas, New York, New York. The bank officials informed the government that in order to expedite compliance with the seizure warrant, the defendants, Lopez and Hernandez, must execute a release form transferring the account to the custody of the United States. Thereupon, the United States Attorney's office applied for a supplementary order pursuant to 21 U.S.C. § 853(f) directing the defendants to execute the release form so that the account at *Banco de la Republica* may be transferred to the custody of the United States government.

Section 853(f) states:

If the Court determines that there is probable cause to believe the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) of this section may not be sufficient to ensure the availability of the property for forfeiture, the Court shall issue a warrant authorizing the seizure of such property.

If the Court authorizes the seizure of the property subject to forfeiture then the Court may take "any other action to protect the interest of the United States" if necessary. 21 U.S.C. § 853(a). Similarly, § 853(*l*) states that the district court shall have jurisdiction to "enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture."

As the Court believed that the property which was subject to forfeiture was not sufficiently secure, the application for a supplementary order was granted on January 29, 1988. The Court's decision to issue

the order was based in part on the access defendants have to the account prior to the disposition of this criminal matter. While the issuance of an order to a defendant to execute a document is considered unusual, it is by no means extraordinary or without precedent. In *Feibelman v. Packard*, 109 U.S. 421, 425, 3 S.Ct. 289, 291, 27 L.Ed. 984 (1883) the Supreme Court upheld a court order compelling execution of a document by a defendant. Recently, in *United States v. Ghidoni*, 732 F.2d 814 (11th Cir. 1984), the Court of Appeals for the Eleventh Circuit, in circumstances quite similar to this matter, affirmed a district court's order directing a defendant to execute a bank form. The bank suggested that problems between a foreign bank and the United States could be avoided if defendant would execute a directive consenting to the transaction. The government requested the district court to order the defendant to sign the directive and defendant's refusal to do so led to a finding of contempt. The Court of Appeals affirmed the district court finding no constitutional deprivation in the defendant being ordered to execute the document. *Id.* at 819.

■ As the primary concern of defendant is the safeguarding of assets which are not subject to forfeiture then defendants if they execute the form will suffer no undue prejudice. There is no undue prejudice as they still have an opportunity to contest the forfeiture if ultimately convicted. The government, however, may be foreclosed from ever retrieving the assets if the account is not ordered transferred. Accordingly, weighing the respective positions of the parties, the court finds that the issuance of the order is the least prejudicial alternative.

On January 29, 1988, the defendants, Lopez and Hernandez, appeared before the Court in regard to this matter. Present were counsel for both defendants and a translator. When informed of the Court's order directing them to execute the release form so as to expedite the transfer of funds from *Banco de la Republic* to the United States both defendants steadfastly refused to comply. The Court repeated the order to the defendants several times and each time they refused to comply with the order.

Finally, the Court stated that sanctions for contempt of court would be imposed if defendants continued to refuse compliance. Defendants refused to execute the release. "Federal courts have the power summarily to punish as contempt 'misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice'" *United States v. Martin–Trigona*, 759 F.2d 1017, 1024 (2d Cir.1985) (quoting *Ex Parte Terry*, 128 U.S. 289, 304, 9 S.Ct. 77, 79, 32 L.Ed. 405 (1888)). This power of contempt is limited to misbehavior in the presence of the judge and which is known to him. *Id.* An opportunity to be heard should be afforded the defendants before punishment is imposed. *Groppi v. Leslie*, 404 U.S. 496, 502, 92 S.Ct. 582, 586, 30 L.Ed.2d 632 (1972).

"[A] court, must, of necessity, possess the power to act immediately and instantly" ... "Where a court acts immediately to punish for contemptuous conduct committed under its eye, the contemnor is present, of course. There is then no question of identity, nor is a hearing in a formal sense necessary because the judge has personally seen the offense and is acting on the basis of his own observations. Moreover, in such a situation, the contemnor has normally been given an opportunity to speak in his own behalf in the nature of a right of allocution."

*Id.* at 503–4, 92 S.Ct. at 586–7. *See Levine v. United States*, 362 U.S. 610, 613–14, 80 S.Ct. 1038, 1041–42, 4 L.Ed.2d 989 (1960).

■ In *Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) the Supreme Court held that federal courts have inherent power to enforce compliance with their lawful orders through civil contempt. A civil contempt is conditional on obedience to the order, prospective in operation and often for the benefit of the other party to the litigation. To purge the contempt all the defendant need do is comply with the court's order. Consequently, the Court is left with no alterna-

tive but to impose sanctions upon the defendants for contempt of court.

Therefore, the defendants are to be fined twenty five hundred dollars per week each until the contempt is purged.

SO ORDERED.

## APPENDIX

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

COSTANTINO, District Judge.

The United States District Court for the Eastern District of New York presents its compliments to the appropriate authority of Uruguay and requests international judicial assistance to facilitate the seizure and possible forfeiture to the United States of narcotics proceeds now believed to be in an account in the Banco de la Republica Oriental del Uruguay.

## STATEMENT OF FACTS

Nelson Esteban Bello Lopez ("Bello") and Marisol Hernandez ("Hernandez") are awaiting trial before the United States District Court for the Eastern District of New York on charges that they and their accomplices operated a large scale heroin trafficking ring for several months in New York City.

On July 15, 1987, both Bello and Hernandez were arrested based on a criminal complaint filed with the United States District Court for the Eastern District of New York, based on the charges of trafficking in heroin for which they were eventually indicted by a Federal Grand Jury for the Eastern District of New York. On August 3, 1987, a Federal Grand Jury in the Eastern District of New York voted a multiple count indictment against Bello and Hernandez, charging them with one count of conspiracy to distribute heroin, in violation of Title 21 United States Code Sections 841(a)(1) and 846; five counts of knowingly and intentionally possessing heroin with intent to distribute heroin, in violation of Title 21 United States Code Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C); one count of possession of a firearm during a drug trafficking crime, in violation of Title 18 United States Code, Sections 924(c) and 3623(a)(3); and the use of a telephone to facilitate the distribution of heroin, in violation of Title 21 United States Code Sections 843(b) and 843(c), and Title 18 United States Code Section 3623 (Bello was charged with one count and Hernandez with two counts). This indictment was superseded on October 16, 1987 to cite the forfeitability of certain property held by Bello and Hernandez as proceeds of their involvement in heroin trafficking, including the money held in Banco de la Republica Oriental del Uruguay account # 5181200/703.

At the time of Bello's arrest, a passbook from the Banco de la Republica Oriental del Uruguay for account # 5181200/703 was recovered. Entries from this passbook, as well as passports recovered at the same time, gave the United States Government reason to believe that the money in account # 5181200/703 was proceeds from heroin trafficking in New York, had been smuggled illegally out of the United States in violation of United States Treasury regulations and deposited in the Banco de la Republica Oriental del Uruguay.

On September 4, 1987, the United States District Court for the Eastern District of New York found probable cause to believe that the funds in account # 5181200/703 were proceeds from heroin trafficking and issued a seizure warrant for the account to immobilize the money and to bring the funds within the control of the Court for possible forfeiture to the United States upon conviction of Bello and Hernandez, as provided by United States law.

According to Title 21 of the United States Code, Section 853, a person who is convicted, upon trial in accordance with the laws of the United States of drug violations contained in Title 21, including those brought against Nelson Bello, must forfeit to the United States "any property constituting, or derived from, any proceeds this person obtained directly or indirectly as the result of such violations." (21 U.S.C. Sec. 853(a)(1)).

"The Court in imposing sentence on such person, shall order ... that the person forfeit to the United States all property described in this subsection ... (21 U.S.C. Sec. 853(a)). Property subject to criminal forfeiture under this section includes ... tangible and intangible personal property, including rights, privileges, interests, claims, and securities. (21 U.S.C. Sec. 853(b)) ... All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. (21 U.S.C. Sec. 853(c)).

"Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture ... (21 U.S.C. Sec. 853(e)(1)).

"The Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant. If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) of this section may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property. (21 U.S.C. Sec. 853(f)).

The District Court of the Eastern District of New York, therefore, in accordance with Title 21 United States Code, Section 853, issued a seizure warrant to assure the proceeds' availability trial for possible forfeiture action. The United States has held enforcement of this warrant in New York in abeyance and is requesting the assistance of the judicial authorities of Uruguay to insure the proceeds availability for trial and possible forfeiture to the United States.

## ASSISTANCE REQUESTED

The United States District Court for the Eastern District of New York requests that the appropriate Uruguayan judicial authority take notice of the pending litigation in the United States and the possible transfer of title due to forfeiture in accordance with United States law of account # 5181200/703 from Nelson Bello to the United States Government. To facilitate this potential forfeiture and transfer, the United States District Court for the Eastern District of New York requests that the appropriate judicial authorities direct the Banco de la Republica to:

1. freeze account # 5181200/703; and

2. immediately transfer the proceeds in account # 5181200/703 to the Banco de la Republica Oriental del Uruguay office in New York at 1270 Avenue of the Americas, New York, New York, to be made available to the Court upon conviction of Nelson Bello and a finding of forfeiture in the United States District Court for the Eastern District of New York; or

3. transfer the proceeds in account # 5181200/703 to the Banco de la Republica Oriental del Uruguay office in New York at 1270 Avenue of the Americas, New York, New York, immediately upon conviction of Nelson Bello and a finding of forfeiture in the United States District Court for the Eastern District of New York.

It is anticipated that the trial in this matter will be finished by mid September, 1988. It is, therefore, respectfully requested that the appropriate Uruguayan judicial authorities address this request as soon as possible. United States Courts can reciprocate in assisting foreign courts with their requests for judicial assistance by means of Title 28 United States Code Section 1782. Dated: New York, New York, June 29, 1988.

## MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF REQUEST FOR FOREIGN JUDICIAL ASSISTANCE

As a result of the Government of Uruguay's expressed interest in cooperation in this matter and assurances from the

Government of Uruguay and the Banco de la Republica Oriental del Uruguay that a letter rogatory from this Court would receive immediate attention, the United States Government ("Government") requests this Court issue this request for judicial assistance from the appropriate judicial authorities of Uruguay.

## ASSISTANCE REQUESTED

The Government is requesting assistance from the Uruguayan authorities to direct the Banco de la Republica Oriental del Uruguay to:

1.  freeze account # 5181200/703; and
2.  immediately transfer the proceeds in account # 5181200/703 to the Banco de la Republica del Uruguay in New York at 1270 Avenue of the Americas, New York, New York, to be made available to the Court upon conviction of Nelson Bello and a finding of forfeiture in the United States District Court for the Eastern District of New York; or
3.  to transfer the proceeds in account # 5181200/703 to the Banco de la Republica Oriental del Uruguay in New York at 1270 Avenue of the Americas, New York, New York, immediately upon conviction of Nelson Bello and a finding of forfeiture in the United States District Court for the Eastern District of New York.

## UNITED STATES DISTRICT COURTS HAVE THE POWER TO ISSUE REQUESTS FOR FOREIGN JUDICIAL ASSISTANCE

Requests for judicial assistance are formal requests from a court of one nation to the judiciary of a foreign nation, requesting the assistance of the foreign authorities in obtaining evidence. The execution of a request for judicial assistance by the foreign court is based, in the absence of a treaty, on comity between nations at peace. *United States v. Zabady*, 546 F.Supp. 35, 39 n. 9 (M.D.Pa.1982); *The Signe*, 37 F.Supp. 819, 820 (E.D.La.1941). There is no judicial assistance treaty between the United States and Uruguay.

Federal courts have the power to issue requests for judicial assistance. This power derives from 28 U.S.C. Section 1781, *United States v. Reagan*, 453 F.2d 165, 171–73 (6th Cir.1971), *cert. denied*, 406 U.S. 946, 92 S.Ct. 2049, 32 L.Ed.2d 334 (1972); *United States v. Strong*, 608 F.Supp. 188 (E.D.Pa.1985), and from the court's "inherent" authority. *United States v. Staples*, 256 F.2d 290, 292 (9th Cir.1958); *B & L Drilling Electronics v. Totco*, 87 F.R.D. 543 (W.D.Okl.1978).

United States Courts can reciprocate in assisting foreign courts with their requests for judicial assistance by means of Title 28 United States Code Section 1782.

## THE PROCEDURE FOR THE ISSUANCE OF REQUESTS FOR FOREIGN JUDICIAL ASSISTANCE IS BY APPLICATION TO THE REQUESTING UNITED STATES COURT

Rule 57 of the Federal Rules for Criminal Procedure applies as the Rules do not provide specific procedures for the issuance of requests for foreign judicial assistance:

> In all cases not provided for by rule, the district judges and magistrates may regulate their practice in any manner not inconsistent with these rules or those of the district in which they act.

The judicial assistance requested is Uruguayan court assistance in securing action in Uruguay in support of a lawful United States seizure warrant by this Court, pursuant to Title 21 United States Code Section 853(f), for account # 5181200/703 at the Banco de la Republica Oriental del Uruguay, 1270 Avenue of the Americas, New York, New York, on September 4, 1987. The Court, "upon application from the United States", may take "any action to preserve the availability of property" subject to forfeiture under Title 21 United States Code Section 853. 21 U.S.C. Sec. 853(e)(1).

RESPECTFULLY SUBMITTED,

ANDREW J. MALONEY

UNITED STATES ATTORNEY

EASTERN DISTRICT OF NEW YORK

BY: /s/ Vincent Fay
VINCENT FAY
Chief, Narcotics
District Attorney's Office
Kings County
New York, New York

/s/ Jerome C. Roth
JEROME C. ROTH
Assistant United States Attorney

## MOTION FOR ISSUANCE OF FOREIGN JUDICIAL ASSISTANCE REQUEST

The United States of America, by counsel, hereby petitions this Court for the issuance of a judicial assistance request to the appropriate judicial authorities of Uruguay to assure the freezing of proceeds in account # 5181200/703 at the Banco de la Republica Oriental del Uruguay and the movement of the same to the Banco de la Republica's New York branch at 1270 Avenue of the Americas, New York, New York, to facilitate possible forfeiture of these proceeds to the United States Government in accordance with Title 21 United States Code Section 853 upon conviction of Nelson Bello in the United States District Court for the Eastern District of New York.

RESPECTFULLY SUBMITTED,

ANDREW J. MALONEY
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: /s/Vincent Fay
VINCENT FAY
Chief, Narcotics
District Attorney's Office
Kings County
New York, New York

/s/ Jerome C. Roth
JEROME C. ROTH
Assistant United States Attorney