919 F.2d 139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Wayne MASON, Defendant-Appellant.
 No. 89-5675.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1990.
Decided Nov. 29, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CR-86-247)
 Donald Edward Jonas, Thomas Keith Fowler, Jr., Jonas & Wiggins, Columbia, S.C., for appellant.
 E. Bart Daniel, United States Attorney, John M. Barton, Assistant United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 REVERSED AND REMANDED.
 Before WIDENER, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 A grand jury indicted Larry W. Mason on 109 counts of falsification of government records, one count of embezzlement, and one count of impersonation of a United States Army Warrant Officer. 18 U.S.C.A. Sec. 2073 (West 1984); 18 U.S.C.A. Sec. 641 (West 1976); 18 U.S.C.A. Sec. 912 (West 1976). Two superseding indictments reduced the charges against Mason to 58 counts. Subsequently, three counts were dismissed on motion of the government during trial. A jury returned a guilty verdict on one count of falsification of government records (Count 26) and acquitted him on 33 counts. It could not reach a verdict on the remaining 21 counts.
 
 
 2
 Mason claims that reversal is required because the evidence does not support a verdict of guilt, the foreman committed juror misconduct by intimidating his fellow jurors, the foreman improperly reported to the jury extraneous prejudicial allegations about Mason during deliberations, and the government's chief witness contacted an alternate juror during the trial. Mason also claims that the failure of the district court to provide travel expenses, witness costs, investigative costs, and attorney fees denied him his sixth amendment, equal protection, and due process rights.
 
 
 3
 Finally, Mason contends that the district court denied him a fair trial by failing to timely issue letters rogatory for witnesses in the Federal Republic of Germany, Pakistan, Cyprus, Denmark, and the Netherlands and by refusing to continue his case until the court could receive responses to the letters rogatory. Because we reverse the conviction and remand for a new trial on this basis, we need not address Mason's other contentions.
 
 I.
 
 4
 In the late 1970's and early 1980's, the United States Army Criminal Investigation Division Command (CID) conducted a drug suppression effort to assist certain foreign governments in the interdiction of drugs destined for consumption by United States military forces stationed in the host country. As a covert Level I Drug Suppression Team Special Agent, Mason was stationed in Frankfurt and was responsible for recruiting and managing a network of street informants. CID headquarters in Heidelberg authorized him to pay informants "spot bonuses" for providing an ongoing supply of information regarding criminal activity related to narcotics.
 
 
 5
 By returning a guilty verdict on Count 26, the jury found that Mason falsified a Justification Statement that documented the payment of a "spot bonus" of $152.54 to informant Mohammed Mughrabi for information and services relating to the arrest of an Israeli national during an attempted heroin transaction in Frankfurt. The theory of the government's case was that Mason falsified the record and embezzled this payment. The jury did not reach a verdict on the related embezzlement count.
 
 
 6
 The grand jury also indicted Mason's co-defendant CID Agent John Quattlebaum, charging him with 26 counts alleging acts of misconduct similar to those attributed to Mason. The district court appointed a federal public defender to represent Quattlebaum and appointed an attorney in private practice to defend Mason. In June 1987, the court granted Quattlebaum's motion for expenses to travel to Germany. The government moved to dismiss Quattlebaum's indictment in its entirety after his public defender made an investigatory trip to Europe and revealed to the government the results of his investigation.
 
 
 7
 On December 18, 1986, the private attorney appointed to represent Mason filed a motion that included a request for compulsory process for witnesses residing outside of the continental United States and for letters rogatory to issue to courts in the Federal Republic of Germany, Denmark, and the Netherlands or to the U.S. State Department. The majority of witnesses named in the motion were law enforcement officials in the Federal Republic of Germany who worked as narcotics agents.
 
 
 8
 On January 2, 1987, Mason supplemented the December 18, 1986, motion and further requested that the court issue letters rogatory for witnesses residing in Cyprus and Pakistan. The motion included a detailed synopsis of proposed testimony. Defense counsel also moved for costs and expenses to depose witnesses in Europe.
 
 
 9
 On September 18, 1987, Mason filed a renewed motion for expenses associated with interviews of foreign witnesses and a memorandum in support of the motion with a proposed itinerary. Mason also filed an additional memorandum in support of issuing letters rogatory or commissions to depose foreign witnesses. On October 16, 1987, the court conducted a hearing on these motions and stated that its order would be forthcoming. During a status conference in April 1988, the court discussed the letters rogatory, reaffirmed its intent to issue an order, and scheduled the trial for July 18, 1988.
 
 
 10
 Less than sixty days prior to trial, the court ordered that letters rogatory issue for twenty-one witnesses. The court directed this order to the Ministry of Foreign Affairs in Pakistan and to Central Authorities in the German cities of Berlin, Bremen, Baden-Wurttenberg, Frankfurt, and Hesse. Thirty days prior to trial, Mason's appointed counsel personally financed an investigatory trip to Germany and the Netherlands. When it became clear that responses to the letters rogatory could not possibly be returned in time for trial, counsel moved for a continuance in order to allow time for the responses to be returned. This motion was denied and the trial began as scheduled.
 
 II.
 
 11
 Mason contends that the district court prejudiced his defense by delaying the grant of his motion for letters rogatory and by refusing to continue the case until the responses could be obtained. The decision to issue letters rogatory lies within the discretion of the district court. Leasco Data Processing Equip. Corp. v. Maxwell, 63 F.R.D. 94 (S.D.N.Y.1973). The grant of a continuance is similarly a decision committed to the sound discretion of the district court. United States v. Johnson, 732 F.2d 379 (4th Cir.), cert. denied, 469 U.S. 1033 (1984).
 
 
 12
 Mason made his first request for letters rogatory on December 18, 1986. Mason then filed a second request for letters rogatory in January 1987 and an additional memorandum in support of issuing letters rogatory in September 1987. The court held a hearing on this motion in October 1987. The court discussed the motion during the April 1988 status conference, but did not issue an order.
 
 
 13
 The motion was held under advisement until, approximately one and one-half years later and less than sixty days prior to trial,* the court, apparently recognizing the merit of the request, filed its order issuing letters rogatory for twenty-one witnesses on May 17, 1988. It is not disputed that there was insufficient time from the date the motion was finally granted until the scheduled date of trial for responses to be received from Pakistan and Germany. As a practical matter, the refusal of the court to continue the case to allow a reasonable amount of time for the responses to be returned rendered the order meaningless.
 
 
 14
 The due process standard of fundamental fairness requires that "criminal defendants be afforded a meaningful opportunity to present a complete defense." California v. Trombetta, 467 U.S. 479, 485 (1984); cf. Webber v. United States, 395 F.2d 397 (10th Cir.1968) (in lieu of compelling attendance of three Canadian national witnesses, judge ordered written interrogatories submitted to them and responses read to the jury). There is no dispute that, with the exception of several government witnesses, none of the witnesses named in the letters rogatory would voluntarily appear in court and that this testimony could only be presented through depositions taken pursuant to letters rogatory.
 
 
 15
 This case presents the unusual circumstance of an indigent defendant charged in a 111-count indictment with crimes for which the bulk of factual and character witnesses were foreign nationals residing in Germany, Pakistan, Cyprus, Denmark, and the Netherlands. As the case proceeded to trial, Mason was without funds to secure the attendance of any foreign witnesses. While the issuance of letters rogatory is within the discretion of the trial judge, once the decision to issue them is made, the moving party must be given a reasonable amount of time in which to receive the responses. We hold that on these extraordinary facts the district court's failure to timely rule on the requests to issue letters rogatory, coupled with its denial of the motion for a continuance, was an abuse of discretion that denied Mason his right to a fair trial.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 *
 Although Mason initially moved for a speedy trial, he later waived his rights under the Speedy Trial Act in order to attempt to obtain the presence or testimony of foreign witnesses. 18 U.S.C.A. Secs. 3161 et. seq. (West 1985 & Supp.1990)